18981

Moseley C. COLEMAN, Respondent, v. James D. DANIEL, II, Annie Margaret R. Daniel, L. L. Rogers, Metropolitan Life Insurance Company, and Kingstree Production Credit Association, of whom James D. Daniel, II, Annie Margaret R. Daniel and L. L. Rogers are, Appellants.

(170 S. E. (2d) 665)

*Messrs. James E. O'Shields,* of Hemingway, and *Connor & Connor,* of Kingstree, *for Appellants,*

*Messrs. William E. Jenkinson,* of Kingstree, and *E. Delance Poston,* of Johnsonville, *for Respondent,*

Nov. 6, 1969.

LITTLEJOHN, Justice.

This action was brought by the plaintiff to set aside a deed of conveyance of real estate from L. L. Rogers to his daughter, Annie Margaret R. Daniel, and his son-in-law, James D. Daniel, II, on the ground that the conveyance was made to defraud the creditors of L. L. Rogers, and more particularly, the plaintiff.

The trial judge sustained the demurrer of the plaintiff to certain defenses in the answer and the defendants appealed from the order.

The complaint alleges that the plaintiff owns a judgment obtained by him against the defendant L. L. Rogers, founded on a note on which L. L. Rogers was co-maker, and also owns a judgment originally procured by another against the defendant L. L. Rogers as co-maker on a note, and assigned by such other to the plaintiff. Apparently because of the ownership of two separate judgments the complaint in form sets out two causes of action; however, we think in fact only one is stated. The complaint sets forth only one primary right on the part of the plaintiff and one primary wrong on the part of the defendants.

It is alleged also that the conveyance sought to be set aside stated a consideration of $5 and love and affection, and was made while the two notes, on which the judgments were founded, were outstanding and unpaid, and before the judgments were obtained.

The prayer for relief asked that the deed of conveyance be declared fraudulent and void, and that the land involved be subjected to the plaintiff's liens and sold at judicial sale.

The joint answer of L. L. Rogers, Annie Margaret R. Daniel, and James D. Daniel, II, attempts to answer the complaint as though there were two causes of action. As the defenses are somewhat intermingled and are not numbered as required by Circuit Court Rule No. 18, we look to the substance of the defenses as did the trial judge below in ruling upon the demurrer.

The answer is, first, a general denial in connection with which it is alleged that the conveyance was made for a good and valuable consideration and in good faith. There is no demurrer to this defense.

The demurrer submits that the other allegations of the answer do not constitute a defense. A demurrer is, of course, in essence a motion to strike causes of action from a complaint or defenses from an answer. We therefore rule upon the questions before us as though they were motions to strike affirmative matters from the answer.

The defendants allege that each of the two notes was procured by subterfuge and misrepresentation. We agree with the trial judge that such does not constitute a defense. This contention might have been asserted by L. L. Rogers in the actions wherein the judgments were procured against him. The judgments may not be collaterally attacked in this proceeding. We have held that a judgment may not be collaterally attacked "unless void on its face, or upon an inspection of the judgment roll." *Fouche v. Royal Indemnity Co.*, 217 S. C. 147, 153, 60 S. E. (2d) 73, 75 (1950).

It is further alleged by way of defense that the plaintiff knew of the conveyance of the land at the time one of the judgments was assigned to him, that he procured the judgment for the purpose of commencing an action based on it, and that such is against public policy. The law sanctions an action by the assignee of as judgment under the Fraudulent Conveyance Statute. 37 Am. Jur. (2d), Fraudulent Conveyances, § 146 (1968).

"The benefit of a fraudulent conveyance statute may be claimed by one who stands in the place of, and has succeeded to the rights of, the creditor, such as, for example, an assignee of the debt which was owed by the transferor. Suit may be maintained by the assignee even though he purchased the judgment against the transferor subsequently to the execution of the conveyance which is sought to be set aside."

We find nothing objectionable in the procurement of the judgment with the view to pursue the collection of the same by way of suit or other exercise of a legal right.

The lower court correctly sustained the demurrer and properly allowed the defendants twenty days in which to serve an amended answer.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.