## 19584

Marlene B. McLEOD, Individually and as Guardian of Michele Mc-Leod, Respondent, v. SANDY ISLAND CORPORATION et al., Appellants.

(195 S. E. (2d) 178)

210

*Messrs. Ralph Hoffman* and *J. M. Long, Jr.,* of Conway, and *James P. Stevens,* of Loris, *for Appellants,*

*Messrs. Burroughs, Green & Sasser,* of Conway, *for Respondent,*

March 8, 1973.

Bussey, Justice:

The plaintiff and the defendant Thomas M. McLeod were formerly husband and wife and residents of the State of Florida, but were divorced in that state by final judgment dated February 19, 1970. The defendant husband is currently a resident of Horry County, South Carolina, and in

the present action the plaintiff wife seeks to establish the decree which she obtained in Florida as a South Carolina judgment; the transfer of certain property to the infant child of the parties and a judgment for alimony and child support accrued under the Florida decree, together with attorney's fees. Her complaint sought certain other relief, since abandoned. Contrary to the indication of the caption, she has elected to proceed only in her individual capacity.

All of the defendants answered and two of them interposed counterclaims; there were various demurrers, motions, etc., and all of the proceedings resulted in plaintiff's motion for summary judgment being granted as follows. Judgment to the effect that (1) the final decree of divorce in Florida be adopted as the judgment and decree of the South Carolina court; (2) that ninety-four shares of stock owned by Thomas M. McLeod in Sandy Island Corporation be transferred on the books of the corporation to the plaintiff wife as "custodian of Michele McLeod a minor under the Uniform Gifts to Minors Act"; (3) judgment against the said Thomas M. McLeod in the amount of $21,682.50, representing child support and alimony in arrears, with interest thereon, and together with $1,000.00 attorney's fees. All of the defendants appeal, the exceptions being sixteen in number and six questions being stated and argued. There is some overlap in the argument of the various exceptions and questions and we shall not, accordingly, attempt to discuss and decide them *seriatim,* but shall endeavor to leave no serious question undecided.

A number of exceptions and much of the argument of appellants are predicated upon the contention that the particular Florida divorce decree is not a final judgment and, accordingly, not entitled to full faith and credit under the United States Constitution. This Contention has its genesis in the following provision of the Florida decree:

"That this Court does hereby reserve jurisdiction in the above entitled cause to make such orders as may from time

to time become proper, upon application of the parties or either of them."

It is argued by appellants, *inter alia,* that the particular decree here awarded lump sum and periodic alimony contrary to the laws of both Florida and South Carolina, and that since the Florida decree was "modifiable", the South Carolina Court should revise the decree so that the same would comport with the laws of both states. They call attention to the case of *Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736, which cited in turn the Florida case of *Harrison v. Harrison,* Fla. App., 115 So. (2d) 709, for the proposition that under the Florida statute, as it then read, an award of both periodic and lump sum alimony was not then permissible. Overlooked by counsel is the fact that subsequent to the Harrison case the State of Florida, in 1963, amended its statute with respect to permanent alimony so as to specifically permit both "periodic payments or payment in lump sum or both." Florida Statutes, Sec. 65.08; Ch. 63-145, Laws of 1963. *Aldrich v. Aldrich,* Fla., 163 So. (2d) 276.

The Florida decree provided for an apparently complete property settlement, alimony to the wife for a period of eighteen months at $1,000.00 per month, and support for the minor child at the rate of $500.00 per month. We doubt that such decree awarded both lump sum and periodic alimony, but if it be construed as doing so, such was clearly permissible under the law of Florida.

Further examination of the law of Florida, as interpreted by the court of last resort in that state, clearly shows that despite the reservation of jurisdiction clause contained in the decree, it was, nevertheless, a final decree and not subject to retroactive modification with respect to accrued or past due installment payments of alimony or any other vested property rights accrued under the decree. *Van Loon v. Van Loon,* 132 Fla. 535, 182 So. 205. It appears that under the Florida statutes, as construed by the Supreme Court of Florida, alimony payments may be modi-

fied, *prospectively only,* from the date of the application therefor, whether or not there is a reservation in the original decree of jurisdiction to do so. *McArthur v. McArthur,* Fla., 106 So. (2d) 73.

It is elementary, we think, that under the full faith and credit clause of the United States Constitution, we are required to give the Florida decree the same full force and effect that it has in that jurisdiction and appellants' contention that the particular decree is not a final judgment and not entitled to full faith and credit is without merit.

The appellant McLeod also argues that the judgment is not entitled to full faith and credit because of his assertion of acts of fraud allegedly prepetrated by his wife prior to the settlement of their affairs and entry of the decree. Suffice it to say that he has alleged no fact which would justify or sustain a collateral attack upon the Florida decree. It is of course true that a judgment may be inpeached in a collateral proceeding on the ground of fraud where the fraud goes to the jurisdiction of the court, or to the method of acquiring jurisdiction or appears on the face of the record. 49 C. J. S. Judgments § 434, p. 859; *Stone v. Mincey,* 180 S. C. 317, 185 S. E. 619; *Bailey v. Cooley,* 153 S. C. 78, 150 S. E. 473; *Coleman v. Daniel,* 253 S. C. 363, 170 S. E. (2d) 665. But no facts are here alleged which would permit a collateral attack.

A Résumé of the background facts is essential to an understanding of the other issues involved. The husband and wife were, prior to their separation and divorce, obviously people of some substance and jointly engaged in several different businesses. The record also indicates that they had quite substantial liabilities but does not contain any indication of their net wealth. Prior to the divorce decree they entered into a lengthy and apparently quite comprehensive separation and settlement agreement and addendum thereto, dated January 15, 1970, wherein they apparently attempted to settle all their property affairs and rights as well as liabi-

lities, all of whch was confirmed and made part of the final decree of divorce as if set forth therein, *in haec verba.* Relevant here is the following paragraph of the settlement agreement:

"18. Husband simultaneously herewith agrees to convey his stock and all physical property in Sandy Isles to their daughter, Michele, with the wife to hold the same as custodian under the Gifts to Minors Act. Wife agrees to assume all obligations remaining due on said stock. Husband simultaneously herewith also agrees to give said daughter that certain Promissory Note from his brother, together with any security for said note, having been given for certain Sandy Isle Stock. The delivery of said physical equipment to remain at Sandy Isle and it is an exception to the requirement of delivery to the Escrow Agent as provided in Paragraph 12 hereof."

Apropos of the foregoing part of the agreement, the final decree contained the following language:

"20. That the plaintiff shall convey his stock in Sandy Island Corp., represented by Stock Certificate No. 6 for 94 shares of stock, and all physical property in Sandy Isles to the minor child of the parties, to-wit: Michele McLeod, with the plaintiff to hold the same as custodian under the Gifts to Minors Act. That the plaintiff shall assume all obligations remaining due on said stock. That the defendant shall also give said minor child that certain promissory note from defendant's brother, James P. Stevens, dated October 17, 1964, in the principal sum of $5,000.00, together with any security for said note, to-wit: Stock Certificate No. 7 for 94 shares of stock of Sandy Island Corp. If the defendant has not already executed and delivered to the Escrow Agent the necessary papers and documents to transfer said property, then this Final Judgment shall operate to place the ownership of said property in said minor child; provided, however, that the physical equipment shall remain in Sandy Island and is an exception to the requirement of delivery to the Escrow Agent, as provided in paragraph 15 hereof."

It will be observed that the paragraph just quoted begins with the language "That the plaintiff shall convey his stock * * * *." When this language is read in conjunction with the agreement of the parties which was made a part and parcel of the decree it is obvious that through a typographical error the word "defendant" was intended where the word "plaintiff" appears at that point in the decree. The lower court so held and there was clearly no error in the holding, although much is said to the contrary.

All of the defendant appellants, save Thomas M. McLeod, in his individual capacity, were joined as parties defendant in this action solely for the purpose of compelling the corporation to transfer upon the books of the corporation the certificate for the 94 shares of stock in the corporation given by the said Thomas M. McLeod to his daughter Michele McLeod, under the terms of the agreement, confirmed by the Florida decree. By the first and second defenses in their respective answers all defendants resist the transfer of such stock certificate on several grounds. The principal contention is that the bylaws of Sandy Island Corporation specifically provide that there can be no transfer of stock unless the same is first offered to other stockholders of the corporation prior to any transfer; it is alleged that such language is inserted upon the face of all stock certificates with the exception of the certificates issued to Thomas M. McLeod; that he had agreed with the other stockholders to such language being inserted upon the face of his stock certificate but thought his certificate was lost and requested the corporation to issue him an additional certificate with the language inserted thereon; that, in fact, such stock certificate was not lost but was secreted by the plaintiff herein with the design to obtain the stock for herself or her child without limitation upon its transfer and without first offering such to the other stockholders of Sandy Island Corporation.

The lower court held, correctly we think, that defendant-appellant McLeod is estopped to raise this issue having voluntarily agreed to transfer the stock to his

daughter and represented to the Florida court that he had the full right to do so. The issue was decided adversely to, the other appellants on the basis of Sec. 12.17.18 of the Uniform Stock Transfer Act, 1971 cumulative supplement to the 1962 Code, which provides, in effect, that a restriction upon the transfer of corporate stock shall be ineffective unless clear reference thereto, is stated upon the stock certificate. In this holding His Honor was inadvertently in error. This question is now controlled by the provisions of the Uniform Commercial Code. The comment following Sec. 10.8-101 of the Commercial Code shows that Article 8 thereof was intended to replace the Uniform Stock Transfer Act. Controlling Sec. 10.8-204 reads as follows:

"Effect of issuer's restrictions on transfer—Unless noted conspicuously on the security restriction on transfer imposed by the issuer even though otherwise lawful is ineffective except against a person with actual knowledge of it."

The defensive pleadings assert that the plaintiff wife had actual knowledge of the restriction and schemed to avoid the effect thereof. Such is denied by her. In view of this factual issue, we conclude that the lower court should not have entered summary judgment requiring transfer of stock certificate. The child of the parties is not presently a party to this action and whether knowledge on the part of the custodian mother is binding upon the infant donee of the stock is a question which has neither been raised nor argued and one as to which we presently intimate no opinion. We hold only that Sandy Island Corporation and its officers are entitled to their day in court to prove, if they can, knowledge of the restriction upon the part of the plaintiff wife and its effect, if any, upon the rights of the minor donee under the circumstances of this case.

Appellants argue, *inter alia,* that as a prerequisite to transferring the stock in Sandy Island Corporation the court should have required some further undertaking on the part of the wife with respect to her assumption of "all obligations remaining due on said stock." We think,

as held by the lower court, there is no merit in this contention. Just what obligations the parties had in mind is not at all clear from the record but whatever they were, the wife is bound to discharge them under the agreement and under the terms of the Florida decree. There is nothing anywhere in the agreement or the divorce decree to indicate an intention on the part of the parties or the Florida Court that actual payment of any such obligations was in any sense a condition precedent to gift of the stock to the minor child.

One exception of the appellants is addressed to the contention that the court should not have allowed the plaintiff to maintain an action as guardian of the minor without filing bond, pursuant to the provisons of Sec. 31.7 of the 1962 Code of Laws. As noted above, after the commencement of the action plaintiff elected not to proceed as guardian, but she does seek relief as a custodian under the Uniform Gifts to Minors Act. Reference to our Act, Sec. 62-401, *et seq.,* of the 1971 supplement to the 1962 Code, shows that initially a bond is not intended or required of a custodian. The Act does provide that upon petition by any of the designated interested parties, *for cause shown,* a custodian may be removed by the court, or, *in the alternative,* be required to give bond for the performance of his duties. There is nothing before us to indicate that the Florida Uniform Gifts to Minors Act is any different from ours and nothing is suggested in the briefs or the pleadings which would require a bond of the plaintiff as a prerequisite to proceeding as custodian for the minor in the present litigation.

The defendant James P. Stevens was sued only in his capacity as an officer and director of Sandy Island Corporation, no relief of any kind being sought against him individually. In his individual capacity, however, he interposed a counterclaim asserting that he had, on February 17, 1970, paid his note in the amount of $5,000.00 to Thomas M. McLeod and that he was entitled to receive from the plaintiff herein in his paid note, plus his stock certificate for 94 shares of Sandy Island Corporation, which had

been given as security for the payment of his said note. The counterclaim thus being asserted in an entirely different capacity than that in which the said defendant was sued, it is clear plaintiff's demurrer thereto, was properly sustained by the lower court under the principles set forth in *White v. Jackson*, 252 S. C. 274, 166 S. E. (2d) 211. Naturally, the sustaining of the demurrer on this ground does not touch upon or dispose of the merits of any claim the said defendant might in fact have against the Said Thomas M. McLeod or any other party, arising out of the matters alleged in his counterclaim.

For the reasons hereinabove set forth, the order of the lower court is reversed to the extent that Sandy Island Corporation and its officers and directors are entitled to their day in court on the issue of whether or not its restrction upon the transfer of capital stock may be enforced under the facts of this case and the applicable law. In all other respects, we deem appellants' exceptions to be without merit and the judgment below is affirmed on all other points.

Affirmed in part, but reversed in part and remanded for further proceedings.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.