## 20038

Marlene B. McLEOD, Individually and as guardian of Michele McLeod, a minor, Appellant, v. SANDY ISLAND CORPORATION, et al., Respondents.

(216 S. E. (2d) 746)

*Messrs. Burroughs, Green & Sasser,* of Conway, *for Appellant,*

4

*Messrs. Marchant, Bristow & Bates,* of Columbia, *for* Respondents,

June 17, 1975.

Moss, Chief Justice:

This action was originally commenced by Marlene B. McLeod, individually and as guardian of Michele McLeod, a minor, the appellant herein, against Sandy Island Corporation, et al., the respondents herein, on December 3, 1970, demanding, *inter alia,* that the respondents be required to transfer 94 shares of stock owned by Thomas M. McLeod in Sandy Island Corporation to the appellant, as custodian for Michele McLeod, under the "Uniform Gifts to Minors Act."

The respondents resisted the transfer of such stock contending that pursuant to the by-laws of Sandy Island Corporation there could be no transfer of the stock unless the same was first offered to the other stockholders of the corporation prior to such transfer. It was alleged that such language was inserted upon the fact of all the stock certificates with the exception of the one issued to Thomas M. McLeod, but that he agreed with the other stockholders to such language being inserted upon the face of his certificate even though his certificate was lost and could not be produced for the insertion of the restriction. It was further contended that the certificate was not lost but was secreted by the appellant for the purpose of obtaining the stock for herself or her child without any restriction upon its transfer and without first offering such to the other stockholders of Sandy Island Corporation.

On February 17, 1972, the Honorable James B. Morrison, Resident Judge of the Fifteenth Judicial Circuit, issued his order, pursuant to the motion of the appellant, granting summary judgment, which required the transfer of the aforementioned shares of stock to the appellant as custodian of Michele McLeod, a minor under the "Uniform Gifts to Minors Act." Upon appeal to this Court, the order granting summary judgment, as such relates to the transfer

of the shares of stock in the respondent corporation, was reversed, and we there said:

"We hold only that Sandy Island Corporation and its officers are entitled to their day in court to prove, if they can, knowledge of the restriction upon the part of the plaintiff wife and its effect, if any, upon the rights of the minor donee under the circumstances of this case." *McLeod v. Sandy Island Corporation,* 260 S. C. 209, 195 S. E. (2d) 178.

When this case was remanded the issue above set forth was referred to the Master in Equity for Horry County, who held a Reference, took the testimony, and thereafter filed his report recommending that Sandy Island Corporation be given a reasonable time within which to pay to the appellant, in behalf of Michele McLeod, the sum of $50,000.00 and that upon such payment being made the shares of stock of Thomas M. McLeod be and become the property of the corporation.

The appellant duly filed exceptions to the report of the Master, and such were heard by the Honorable Dan F. Laney, Jr., Presiding Judge, who, by his order, affirmed the Master's Report. This appeal followed.

We think that this appeal can be disposed of by considering the question of whether or not the restriction of the respondent corporation upon its capital stock can be enforced under the facts of this case. This question requires consideration of whether the proposed transfer of the stock by Thomas M. McLeod to the appellant, as custodian for Michele McLeod under the "Uniform Gifts to Minors Act" was a sale or a gift.

The Sandy Island Corporation was organized in 1964 by seven persons who, in order to keep the ownership of the stock within this group, imposed in its by-laws the following restriction on the sale of its stock by any of its stockholders:

"The Corporation shall have the first option to purchase any shares of stock offered for sale by any stockholder at the same bona fide price offered for said stock by any bona fide purchaser, and a notation to this effect shall appear on the stock certificate as issued."

Shares of corporate stock are regarded as property, and the owner of such shares may, as a general rule, dispose of them as he sees fit, unless his right to do so is properly restricted. A restriction expressed only as one on sale, the right to sell, or the like, is generally construed narrowly as applicable only to sales and not to mere transfers.

The above quoted restriction provides that before the shares of stock in the corporation can be sold to a third party, they must first be offered to the corporation, which has the option to purchase the stock at the same bona fide price offered for the stock by a bona fide purchaser. There is no evidence in this record from which it can be concluded that Thomas M. McLeod offered to sell shares of stock in Sandy Island Corporation to the appellant or his minor daughter, nor is there any evidence that they made him a bona fide price for the stock.

Marlene B. McLeod and Thomas M. McLeod were formerly husband and wife and residents of the State of Florida and were divorced in that state by a decree dated February 19, 1970. This decree incorporated the separation and settlement agreement that had been entered into by the parties on January 15, 1970, wherein it was agreed that Thomas M. McLeod would convey his 94 shares of stock in Sandy Island Corporation to his wife as custodian for Michele McLeod under the "Uniform Gifts to Minors Act." The present action was instituted in this State to establish the decree obtained in Florida as a South Carolina judgment. We quote so much of the settlement agreement which has reference to the disposition of the shares of stock of

Thomas M. McLeod in Sandy Island Corporation. It reads as follows:

"18. Husband simultaneously herewith agrees *to convey his stock* and all physical property in Sandy Isles to their daughter, Michele, with the wife to hold the same as custodian *under the Gifts to Minors Act.* Wife agrees to assume all obligations remaining due on said stock. Husband simultaneously herewith *also agrees to give* said daughter that certain Promissory Note from his brother, together with any security for said note, having been given for certain Sandy Isle Stock. The delivery of said physical equipment to remain at Sandy Isle and it is an exception to the requirement of delivery to the Escrow Agent as provided in Paragraph 12 hereof." (Emphasis added.)

The foregoing agreement was confirmed in the final Florida divorce decree as follows:

"20. That the plaintiff (obviously the defendant as we heretofore stated) *shall convey his stock* in Sandy Island Corp., represented by Stock Certificate No. 6 for 94 shares of stock, and all physical property in Sandy Isles to the minor child of the parties, to wit: Michele McLeod, with the plaintiff to hold the same as custodian *under the Gifts to Minors Act.* That the plaintiff shall assume all obligations remaining due on said stock. That the defendant *shall also give* said minor child that certain promissory note from defendant's brother, James P. Stevens, dated October 17, 1964, in the principal sum of $5,000.00, together with any security for said note, * * *." (Emphasis added.)

The final Florida divorce decree further provided:

"That the defendant shall pay to the plaintiff the sum of $500.00 per month, commencing February 22, 1970, *which is support money for the said minor child* of the parties. * * *" (Emphasis added.)

It is the contention of the appellant that Thomas M. McLeod made a gift of his shares of stock in Sandy Island

Corporation to her as custodian for Michele McLeod under the "Uniform Gifts to Minors Act." The respondents contend that such was a sale and not a gift.

A gift has been judicially defined as a voluntary transfer of property by one to another without any consideration or compensation therefor. 38 Am. Jur. (2d), Gifts, Section 1, at Page 805, and *Lynch v. Lynch,* 201 S. C. 130, 21 S. E. (2d) 569.

The chief distinction between a sale and a gift is that in the former a valuable consideration is necessary, whereas the latter need not rest for its support on any consideration or value. 67 Am. Jur. (2d), Sales, Section 27, at Page 137. In *Bennett v. Sims,* Rice (24 S. C. L.) 421, a sale was defined as a transfer of chattels from one person to another for a valuable consideration.

It is undisputed that Thomas M. McLeod agreed to convey his stock in Sandy Island Corporation to the appellant as custodian for Michele McLeod under the "Gifts to Minors Act" of the State of Florida. This was confirmed by the Florida divorce decree. The Florida Act is essentially the same as our Act, which is codified in Section 62-401 *et seq.,* 1974 Cumulative Supplement to the Code. It is obvious to us that when Thomas M. McLeod utilized the "Gifts to Minors Act" he was, in fact, making a gift of his shares of stock in Sandy Island Corporation to his wife as custodian for his minor dependent child. Under our Act, Section 62-403(1), an adult person may, during his lifetime, make a gift of a security, here, shares of stock, to a person who is a minor on the date of the gift; and Section 62-404(1) makes such a gift irrevocable and conveys to the minor indefeasibly vested legal title to the security. It follows that any conveyance made pursuant to the provisions of this Act is a gift.

By the express language of the above quoted provisions of the Settlement Agreement between the parties in which Thomas M. McLeod used the "Gifts to Minors Act" with

relation to his own stock, he "also agrees to give said daughter" the note of his brother. We think the use of the language "also agrees to give" infers that the conveyance of his own stock was a gift.

Thomas M. McLeod testified, over the objection of the appellant, that prior to the execution of the settlement agreement by the parties, his wife demanded $1,000.00 a month child support but thereafter agreed to take $500.00 per month for such support, and he agreed to pay this amount with the statement "I'll give Michele 94 shares of my Sandy Island stock." He further said that he agreed that the stock had a value of $50,000.00. Based upon this testimony the Master found, and the trial judge affirmed, that the transaction by and between the husband and wife with reference to the shares of stock of Sandy Island Corporation was a sale, it being a transfer of the shares of stock from him to her for a valuable consideration. It was further determined that Sandy Island Corporation, under the restriction on the sale of the stock, had the first option to purchase such stock for $50,000.00.

The basis of the objection of the appellant to the foregoing testimony was that such violated the parol evidence rule because a subsequent written agreement was entered into by the parties which merged all prior conversations concerning the stock into the agreement. This objection was overruled and error is alleged.

It appears that the conversation testified to by the husband took place during a conference prior to the execution of the settlement agreement between the parties. We conclude that it was error for the lower court to admit such. The general rule is that all conversations and parol agreements between the parties prior to or contemporaneous with the written agreement are considered to have been merged therein so that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding difference from that expressed in the writ-

ten agreement. *Charleston & W. C. Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187, and *Allen-Parker Co. v. Lollis,* 257 S. C. 266, 185 S. E. (2d) 739. It follows that testimony should not have been admitted which would contradict, add to, subtract from, vary or explain its terms. The contract here under consideration is clear and unambiguous and resorting to parol testimony to determine its meaning is not only unnecessary, but not permitted.

A father is under legal obligation to support his minor child and such obligation remains after a divorce. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171. Here, Thomas M. McLeod agreed to do only that which he was already legally obligated to do. The authorities are clear that an agreement to do that which one is already legally bound to do is not sufficient consideration to support a contract. *Castell v. Stephenson Finance Company,* 244 S. C. 45, 135 S. E. (2d) 311.

There is nothing in the contract between the husband and wife or in the Florida decree that suggests or holds that the conveyance by Thomas M. McLeod of his stock in Sandy Island Corporation was to be considered as child support. It is equally clear that the Florida decree explicitly sets forth that the father was to pay the sum of $500.00 per month as support money for his minor child.

It is our conclusion that Thomas M. McLeod made a gift of his 94 shares of Sandy Island Corporation stock to the appellant as custodian of Michele McLeod under the "Gifts to Minors Act." The restriction contained in the by-laws of Sandy Island Corporation applies only when the stock is offered for sale by any stockholder. As a result of our conclusion that the conveyance here was a gift, the restriction is inapplicable and in no way affects the rights of the minor child.

In view of our conclusion, it becomes unnecessary to decide any other questions raised by the appellant.

For the reasons stated, the judgment of the lower court is reversed, and this case is remanded thereto for the purpose of the issuance of an order directing the transfer of the 94 shares of stock owned by Thomas M. McLeod in Sandy Island Corporation to the appellant as custodian for Michele McLeod.

Reversed and remanded.

LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN and NESS, JJ., dissent.

NESS, Justice (dissenting):

Being convinced this transfer was a "sale" as opposed to a "gift", I respectfully dissent.

This matter was before the Court in *McLeod v. Sandy Island Corporation, et al.*, 260 S. C. 209, 195 S. E. (2d) 178 (1973). In that decision this Court held that the ninety-four (94) shares were, in fact, transferred to the child, however, that the corporation, under the language of the stock limitation, had the right to show what effect, if any, the knowledge by the wife of the restriction had on the daughter's right of ownership.

Thomas M. McLeod and his wife Marlene B. McLeod were divorced in Florida in 1970. Partial consideration for the settlement was ninety-four (94) shares of stock in Sandy Island Corporation which were transferred to their daughter, Michele McLeod. The ultimate question for our determination is whether the transfer was a "sale" within the meaning of the stock restriction or a "gift." The definition of sale is found in S. C. Code § 62-2 of the Uniform Securities Act which reads, "(10)(a) 'sale' or 'sell' includes every contract of sale of, contract to sell, or *disposition of,* a security or interest in a *security for value.*" (Emphasis added). The key words here are "disposition of a—security for value."

The transfer of the stock certificate to the appellant custodian was a disposition of the security, even if it did not

constitute a "sale" in the common usage of the word. Was it a disposition for value? A valuable consideration may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. *Furman University v. Waller, et al.,* 124 S. C. 68, 117 S. E. 356 (1923); *Jay Cee Fish Co. v. Cannarella,* 279 F. Supp. 67 (S. C. 1968); 33 A. L. R. 615. The accrued benefit or consideration for which the respondent McLeod transferred the stock to his wife, the appellant, as custodian, was partially in lieu of payment of support for their child. If it was a true gift involving no consideration, there is no reason for it to be included in the settlement papers or the judge's decree. It is more than coincidental that the transfer was provided for in the decree.

The fact that the consideration was the transfer of stock rather than a cash payment does not affect the value of the consideration for the delivery of the stock. Value is "a fair return in money, goods, services, etc., for something exchanged." Webster's New International Dictionary, Unabridged (2nd Ed.). Furthermore, I think the majority has mis-spent its reliance on the general doctrine that consideration is not present when one promises to perform an existing duty. That general maxim is not applicable to the facts of this case. By the settlement agreement the father's duty to support his child was transposed from an abstract legal proposition to a definite arrangement whereby he obligated himself to comply with concrete conditions. This is adequate consideration to support enforcement of a contract and constitutes value. The settlement may be likened to an agreement resolving the amount of an unliquidated debt or to a third party beneficiary contract. *Forman v. Forman,* 17 N. Y. (2d) 274, 270 N. Y. S. (2d) 586, 217 N. E. (2d) 645 (1966); *Smith v. Smith,* 7 Ohio App. (2d) 4, 218 N. E. (2d) 473 (Ohio 1964); 34 A. L. R. (3d) 1357; see also *Hayes v. Hayes,* 65 Ga. App. 222, 15 S. E. (2d) 626 (1941) (duty of husband to support wife ade-

quate. consideration to enforce support agreement); Vol. 1A Corbin on Contracts, § 188, p. 167; *Cf. Kennedy v. Badgett,* 19 S. C. 591 (South Carolina Reports, Vol. 36, 1883).

Since a sale includes a disposition for value [by the definition in 62-2(10)(a) of the Code], it would seem axiomatic that one to whom a disposition is made is a purchaser. See S. C. Code § 10.1-201(32) of the Uniform Commercial Code. This conclusion becomes irresistible when we consider that the only alternative to a sale is to denominate the transaction as a gift. At the time of the transfer the husband and wife were dealing at arms length, if not at dagger points. Apparently neither was willing to make any concession except as required by law and except for the purpose of settling their disputes peaceably without submitting their rights to the court. The child was to be in the mother's custody and supported by the father. It is inescapable from the record that the father agreed to transfer this stock to the child as a part of the settlement with his wife and the wife agreed to accept this on behalf of the child in lieu of demanding increased support.

Here we have concurrent findings of the Master and the Judge to the effect that the transfer was a "sale". We will not, under our line of cases, reverse this finding unless it is clearly against the preponderance of the evidence or based upon some error of law leading to an erroneous conclusion. *Diamond Swimming Pool Co., Inc. v. Broome,* 252 S. C. 379, 382, 166 S. E. (2d) 308. I do not think that this Court can logically say that the finding of the court below is against the clear preponderance of the evidence. It seems to me that this husband bought his peace in the divorce proceeding by transferring this stock, and the fact that it was part of the agreement that the transfer be under the Gifts to Minors Act is entitled to little weight. It cannot be seriously argued that the husband would have given this stock to the child if the litigation had not been pending and, as heretofore stated, it is more than coincidental that the

gift-sale ends up in decree, having the sanction of the court and being enforceable as for contempt if the husband did not proceed with the transfer.

It is also clear to me that the company and/or the other stockholders have an interest in this stock, under the restrictive agreement, which the court should protect.

Under the circumstances of this case, I am unable to find support that the transfer of stock was actuated by a donative intent. As was stated in *United States v. Davis, et al.,* 370 U. S. 65, 82 S. Ct. 1190, 1192, 8 L. Ed. (2d) 335 (1962):

"Any suggestion that the transaction in question was a gift is completely unrealistic. Property transferred pursuant to a negotiated settlement in return for the release of admittedly valuable rights is not a gift in any sense of the term."

Therefore, it seems apparent to me that this transaction was a sale as opposed to a gift.

Independent of the nature of the transaction, the Plaintiff was not entitled to be recognized as the owner of the shares. All of the parties to the transfer restriction agreed that it was to cover any transfer of shares (§ 263, p. 66, §§ 300-301, 303, p. 75; § 325, p. 82, §§ 371-373, pp. 93-94). Furthermore, the mother as guardian of the child had knowledge of the restrictions (§ 261, p. 66; § 328. p. 82). See S. C. Code 10.8-204. Concurrent findings were made in this regard and the only defense is that the parol testimony should not have been allowed to alter the terms of the contract.

The majority opinion would hold this testimony inadmissible, however, the majority apparently overlooks the fact that the plaintiff was not a party to the contract between the stockholders and that the parol evidence rule does not apply as between the contracting parties and a stranger. *City of Orangeburg v. Buford, et al.,* 227 S. C. 280, 87 S. E. (2d) 822 (1955); Wigmore, § 2466, p. 149 (3rd Ed.).

I would affirm the trial court as to the "sale" and hold that the plaintiff was not entitled to the relief she sought. The lower court ordered transfer of the stock for Fifty Thousand ($50,000.00) Dollars, but since the defendants did not counterclaim, the only determination should have been that the plaintiff was not entitled to have the stock certificate recorded under her name. I would remand the case to the lower court for the purpose of having it determined in equity, first, the time as of which the stock should be valued and, secondly, the value of the stock as of that time. Thereafter, the court should permit the defendants to exercise their option within an appropriate time and if such option be not exercised then the plaintiff may apply again to the court for an order directing the corporation to transfer the stock to her for the benefit of the child.

LITTLEJOHN, J., concurs.