22280

SOUTHERN STATES SUPPLY COMPANY, INC., Plaintiff, v. COMMER-
CIAL INDUSTRIAL CONTRACTORS, INC., and Lumbermens Mutual
Casualty Company of the Kemper Insurance Group, Defendants, of
whom Commercial Industrial Contractors, Inc., is a Respondent, and
Lumbermens Mutual Casualty Company of the Kemper Insurance
Group is an Appellant. and SHARP CONSTRUCTION COMPANY,
Defendant-Third-Party Plaintiff-Appellant, v. G. W. WARD COM-
PANY, Third Party Defendant-Respondent. Appeal of LUMBERMENS
MUTUAL CASUALTY COMPANY OF the KEMPER INSURANCE
GROUP.

(329 S. E. (2d) 738)

Supreme Court

*Howard P. King* and *Terrell T. Horne,* both of *Bryan,*
*Bahnmuller, King, Goldman & McElveen,* Sumter, *for defen-*
*dant-appellant* and *defendant-third-party plaintiff-appellant.*

*E. Lee Morgan,* of *Hyman, Morgan, Brown, Rushton, Jeffords & Fallon,* Florence, *for defendant-respondent.*

*LeRoy Nettles, Sr.,* of *Nettles, Floyd, Turbeville & Reddeck,* Lake City, *for third-party defendant-respondent.*

Argued Feb. 19, 1985.

Decided April 8, 1985.

NESS, Justice:

Respondent subcontractors sought to recover retainage amounts held by appellant general contractor as a set off claim for water and sewer tap fees paid by appellant but allegedly owed by one of the subcontractors. The trial court ruled neither subcontractor was liable for the tap fees and ordered appellant to pay respondents the retainage amount plus interest from the date owed. We reverse.

Appellant Sharp Construction Company undertook as general contractor the building of a HUD housing project. It subcontracted the interior plumbing to respondent Commercial Industrial Contractors, and the utilities work to respondent G. W. Ward Company.

Ward was obligated to perform in conformity with the plans and specifications under its written subcontract agreement. The plans and specifications clearly charged Ward with the duty of paying water and sewer tap fees. Nonetheless, the trial court held a contemporaneous independent oral agreement between Sharp and Ward specifically excluded this duty.

Appellant Sharp alleges the trial court violated the parol evidence rule by considering the contemporaneous independent agreement. We agree.

Where the terms of a written agreement are unambiguous, extrinsic evidence of statements made contemporaneously with or prior to its execution are inadmissible to contradict or vary the terms. *Ray v. South Carolina National Bank, Inc.,* 281 S. C. 170, 314 S. E. (2d) 359 (S. C. App. 1984); *McLeod v. Sandy Island Corp.,* 265 S. C. 1, 216 S. E. (2d) 746 (1975).

Under the written subcontract agreement Ward was responsible for the tap fees. We hold the terms of the written contract were contradicted in direct violation

of the parol evidence rule. The trial judge erred in disallowing Sharp's set off claim against Ward for tap fees previously paid.

Reversed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.