**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Grange Mutual Casualty and Trustgard Insurance Company, Respondents,

v.

20/20 Auto Glass, LLC, Appellant.

Appellate Case No. 2017-000259

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-419
Submitted November 1, 2019 – Filed December 31, 2019

———————

**AFFIRMED**

———————

Joshua Matthew Henderson, of Henderson Brandt & Vieth, PA, of Spartanburg, SC, and Charles J. Lloyd, of Livgard & Lloyd, PLLP, of Minneapolis, MN, for Appellant.

Ronald Barton Diegel and Wesley Brian Sawyer, both of Murphy & Grantland, PA, of Columbia, for Respondents.

———————

**PER CURIAM:**  Grange Mutual Casualty and Trustgard Insurance Company filed this declaratory judgment action against 20/20 Auto Glass, LLC, to determine

rights under an automobile insurance policy. 20/20 Auto Glass appeals, arguing the circuit court erred in (1) finding unilateral contracts were formed despite the parties' lack of intent; (2) finding unilateral contracts were formed when there was no consideration for the alleged contracts; and (3) relying on distinguishable case law. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in finding the existence of the requisite acceptance and intent to be bound to form unilateral contracts: *Goldston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 166, 594 S.E.2d 511, 516 (Ct. App. 2004) ("Because declaratory judgment actions are neither legal nor equitable, the standard of review depends on the nature of the underlying issues."); *id.* ("In an action at law, tried without a jury, the appellate court will not disturb the trial court's findings of fact unless they are found to be without evidence that reasonably supports those findings."); *WDW Props. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000) ("When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts."); *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 405, 581 S.E.2d 161, 165-66 (2003) ("A unilateral contract occurs when there is only one promisor and the other party accepts, not by mutual promise, but by actual performance."); *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 498, 732 S.E.2d 205, 213 (Ct. App. 2012) (finding a glass company's performance of work for an insurer's customer created a unilateral contract).

2.      As to whether the trial court erred in finding the necessary consideration to form a contract: *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012) ("The necessary elements of a contract are offer, acceptance, and valuable consideration."); *McLeod v. Sandy Island Corp.*, 265 S.C. 1, 11, 216 S.E.2d 746, 750 (1975) ("The authorities are clear that an agreement to do that which one is already legally bound to do is not sufficient consideration to support a contract."); *Contracts - Consideration - Unilateral Contract to Perform a Legal Duty*, 19 Harv. L. Rev. 379, 379 (1906) ("It seems clear, however, that in a unilateral agreement consideration need move only from the promisee, since the doing of an act requires no consideration."); *Small v. Springs Indus., Inc.*, 292 S.C. 481, 484, 357 S.E.2d 452, 454 (1987) (finding an employment agreement to be a unilateral contract and the employer's offer to hire the employee in return for specified wages, with the employee's acceptance by performing the work, constituted the terms of the agreement).

3.      As to whether the trial court erred in relying on *Kemper* and the statutory scheme enacted in 2012, after *Kemper* was published: S.C. Code Ann. § 38-57-

75(A) (2015) (prohibiting an insurer from requiring that repairs be made by a particular provider of glass repair work); S.C. Code Ann. § 38-57-75(E) (2015) (providing the procedure for an insured who requests to have glass repair work performed by a provider not in the insurer's program or on the preferred provider list); *Narruhn v. Alea London Ltd.*, 404 S.C. 337, 344, 745 S.E.2d 90, 94 (2013) ("[I]t is generally held that an assignment *after* a loss has already occurred does not require an insurer's consent."); *id.* at 343, 745 S.E.2d at 93 (recognizing that an assignee receives only the rights of the assignor under an assignment of an insurance contract).

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.