20027

Ex parte Marlene B. McLeod, Petitioner-Respondent. In re Marlene B. McLEOD, Individually and as guardian of Michele McLeod, Plaintiff-Respondent, v. SANDY ISLAND CORPORATION et al., and Thomas M. McLeod, also known as Thomas M. Stevens, Individually and as director of Sandy Island Corporation, of whom Thomas M. McLeod, also known as Thomas M. Stevens, is Appellant.

(215 S. E. (2d) 903)

464

*Messrs. Marchant, Bristow & Bates,* of Columbia, and *James P. Stevens, Jr.,* of Loris, *for Appellant,*

*Messrs. Burroughs, Green & Sasser,* of Conway, *for Respondent,*

June 4. 1975.

*Per Curiam:*

Involved in this proceeding is the liability of the appellant Thomas M. McLeod to pay alimony and child support. The action was originally commenced in December, 1970, and was previously before this Court on appeal in *McLeod v. Sandy Island Corporation,* 260 S. C. 209, 195 S. E. (2d) 178. In the initial proceeding the Florida divorce decree was reduced to a South Carolina judgment and the plaintiff awarded a judgment in the amount of $23,844.00, representing child support and alimony in arrears through March 22, 1971. It appears that no part of such judgment has been paid and the present proceeding was commenced by a rule requiring the appellant, McLeod, to appear and show cause why judgment should not be rendered against him for the arrearage of child support and alimony accruing between April 22, 1971 and March 22, 1974, together with attorneys' fees.

The appellant, McLeod, filed a return to the rule to show cause in which he attempted to set up, by way of defense, matters arising out of the separation and settlement agreement (property settlement) which was executed by the parties and incorporated as part and parcel of the Florida decree. The record reflects that in the original proceeding the appellant attempted to raise, either directly or indirectly, some of the same defenses. The plaintiff-respondent moved to strike such defenses on the ground that they were *res judicata,* they having been either raised in the original proceeding or such that they should have been raised. The appeal is from an order of the circuit court granting such motion and judgment in favor of the respondent-wife.

It is the appellant's contention that the present proceeding is upon a cause of action different from that litigated in the first proceeding and that under the

principles of *res judicata* the first action was conclusive only as to those issues there actually litigated and determined. He relies upon *Dunlap v. Travelers Insurance Company,* 223 S. C. 150, 74 S. E. (2d) 828 and *Surety Realty Corporation v. Asmer,* 249 S. C. 114, 153 S. E. (2d) 125, for the proposition or contention that the present proceeding is upon a new and different cause of action. The cited cases are factually distinguishable and we are not at all convinced that the present proceeding is, in fact, upon a different cause of action so as to render conclusive only those issues actually litigated and determined in the prior proceeding. There is here identity of parties and of the subject matter in the two proceedings, the subject matter of both being the continuing, indivisible responsibility of the appellant to pay alimony and child support under the Florida decree in the absence of a change of condition which is not asserted.

But, even if it be conceded that the present proceeding involves a cause of action which is not precisely identical with the prior proceeding, the appellant still cannot prevail. We quote the following from 46 Am. Jur. (2d) 601, Judgments, section 431:

"There are many cases in which the doctrine of *res judicata* is held or declared to be applicable to defenses which were not raised, but which could properly have been considered and determined, in the prior action, so that if the defendant neglects to set up the defense he is concluded as to the existence thereof by the judgment rendered in the action. This rule has been held or declared to be applicable even though the subsequent action involves a different cause of action, notwithstanding the general rule that a judgment rendered in an action involving a cause of action different from that involved in a subsequent action is not conclusive as to matters not litigated in the former action."

The quoted rule was recognized as a well settled rule of law, although held inapplicable, in the case of *Griggs v. Griggs,* 214 S. C. 177, 51 S. E. (2d) 622, wherein the

Court said "It is a well settled rule of law that where a defendant neglects to plead a matter proper to his defense at the proper time, he may never take advantage thereafter, * * *."

In *Rice v. Mahaffey,* 9 S. C. 281, it was held that a defendant in an action must plead all his defenses, whether legal or equitable. He could not allow judgment to be entered against him and then commence a separate action against the plaintiff alleging an equitable defense and praying for an injunction, he being estopped by the judgment from instituting a separate proceeding in the same party.

The rule quoted above from Am. Jur. (2d), and recognized in Griggs as a well settled rule of law, was applied by the Court and followed in the case of *Dunlap v. Travelers Insurance Company,* 223 S. C. 150, 74 S. E. (2d) 828, relied upon by appellant. Such rule was applied later in the cases of *Antrum v. Hartsville Production Credit Association,* 228 S. C. 201, 89 S. E. (2d) 376 and *Melton v. Melton,* 229 S. C. 85, 91 S. E. (2d) 873, the *Melton* case being much in point factually with the instant case.

The appellant sought to assert seven defenses, all of which, if valid, existed at the time of the prior proceeding. If his contention be pursued to a logical conclusion it would follow that he could allege only one of these defenses at a time saving the others to be raised, one at a time, each time an effort was made to require him to support his child.

It is obvious that no reluctant father should be allowed to trifle with the court and pursue such dilatory tactics in an effort to defeat the natural and legal right of a child to support. As we so aptly said in *First National Bank v. U. S. Fidelity & Guaranty Company,* 207 S. C. 15, 35 S. E. (2d) 47:

"The doctrine of *res judicata* (or *res judicata*) in the strict sense of that time-honored Latin phrase had its origin

in the principle that it is in the public interest that there should be an end of litigation."

For the reasons stated we deem the appeal to be without merit and the judgment below is accordingly,

Affirmed.