617 F.2d 1038
 Michele McLEOD, by and through her Guardian ad Litem,
Marlene B. McLeod, Appellee,
v.
James P. STEVENS, J. Bryan Floyd, Davis Heniford, Jr.,
Wendel E. Jones, Milton Clemons and Thomas M. Stevens a/k/a
Thomas M. McLeod, individually and as officers and directors
of Sandy Island Corporation, a corporation, and Sandy Island
Corporation, a corporation, Appellants.
 No. 78-1887.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 4, 1979.
Decided Feb. 29, 1980.
 
 John A. Martin, Winnsboro (James B. Richardson, Jr., Darra Williamson Cothran, Columbia, S. C., on brief), for appellants.
 D. W. Green, Jr., Conway, S. C. (Burroughs Green & Sasser, Conway S. C., on brief), for appellee.
 Before BUTZNER, FIELD and WIDENER, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 In this diversity action governed by South Carolina law, the district court held that the appellants, six shareholders and officers of the Sandy Island Corporation, violated the statutory and equitable rights of a minority shareholder, Michele McLeod. We find no error in the court's determination of liability and in the equitable relief it ordered, but we vacate the award of compensatory and punitive damages.
 
 
 2
 Five of the six appellants, in concert with two others who sold their shares before this suit arose, formed the corporation to hold and develop a tract of land called Sandy Island in Georgetown County, South Carolina. The sixth appellant subsequently bought shares from one of the original shareholders. McLeod is a minor. She received her shares in the corporation from her father, one of the original shareholders, as part of a property settlement incident to her parents' divorce.* The district court found that, upon being notified of the transfer to McLeod, the appellants embarked on a course of conduct designed to advance their own interests by violating McLeod's statutory and equitable rights. To achieve their goal, the court found, the appellants fraudulently misused and wasted corporate assets and caused the corporation to undertake ultra vires acts.
 
 
 3
 The evidence supports the district court's findings of fact, and we see no merit in the appellants' contention that these findings should be set aside as clearly erroneous.
 
 
 4
 To remedy this fraud, the district court cancelled stock the appellants had issued to dilute the value of McLeod's shares, appointed a receiver, and ordered dissolution of the corporation and distribution of its assets. In view of the evidence, these remedies were fully warranted by South Carolina law. See S.C. Code §§ 33-9-90, 33-11-210, 33-21-150, 33-21-160, 33-21-170 (1976). We therefore affirm these provisions of the court's decree.
 
 
 5
 The district court granted further relief. It ruled: "Corporate assets . . . have been wasted, misapplied, and used to promote the personal financial gain of the individual defendants. That as a result plaintiff is entitled to a full accounting . . . ." In addition to ordering an accounting, the court awarded McLeod compensatory damages in the amount of $150,000 and punitive damages in the amount of $200,000. The appellants assign error to the award of damages, contending that it is not warranted by the pleadings.
 
 
 6
 In her initial complaint, McLeod prayed for an injunction restraining the defendants from transferring illegally issued stock to any third party and for cancellation of this stock. In the first count of a supplemental complaint, McLeod alleged that she was entitled to damages. The second count of that complaint realleged all of the facts of the first count and stated specifically that the second count was intended to establish her right to have the corporation dissolved.
 
 
 7
 The supplemental complaint's prayer for relief did not seek damages. McLeod's request for an accounting, however, was explicit. She asked the court to require "an immediate accounting by the personal Defendants and directors of Sandy Island Corporation to the Plaintiff of all transactions of the corporation since May of 1970, the date of notice to the corporation of the Plaintiff's stock ownership." At the conclusion of the trial, McLeod orally moved to amend her supplemental complaint to request compensatory and punitive damages. The court took this motion under advisement and later allowed the amendment under Rule 15(b) when it entered its final order.
 
 
 8
 The propriety of the amendment for damages depends on whether the appellants received actual prior notice of McLeod's demand for damages. See 6 Wright & Miller, Federal Practice and Procedure § 1491 (1971). We conclude that they did not. The case had been pending for two years and nine months before McLeod sought the amendment. In the meantime the parties had undertaken extensive discovery, and the case was tried without a jury on pleadings that sought only equitable relief. Rule 15(b) allows amendment when the issues are tried by "express or implied consent of the parties." Here there was no express consent. The admission of evidence without objection concerning an issue that is the subject of amendment is an indicium of implied consent. 6 Wright & Miller, Federal Practice and Procedure § 1493 (1971). But all evidence of harm to McLeod was germane to the equitable relief she sought. Its admission without objection, therefore, cannot be treated as implied consent to the trial of the issue of damages. See Cook v. City of Price, 566 F.2d 699, 702 (10th Cir. 1977). The appellants protest that the belated amendment changed the nature of the action from one seeking only equitable relief to one at common law for fraud, for which they would have been entitled to a jury trial had they received timely notice of McLeod's demand for damages. In response McLeod asserts that the amendment concerned only the relief she sought and that Rule 54(c) authorized the court to "grant the relief to which the party . . . is entitled" including an award of damages, even without her demand. The difficulty with McLeod's position is that under South Carolina law she was not entitled to both damages and an accounting in this action.
 
 
 9
 McLeod's complaint, although it contains two counts, alleged only a single cause of action. Each of her claims for relief was based upon the same conduct: the appellants' fraudulent breach of duties they owed to her as a minority shareholder. Under the governing South Carolina law, this course of conduct gave rise to a single compensable wrong. Jacobson v. Yaschik, 249 S.C. 577, 586, 155 S.E.2d 601, 606 (1967).
 
 
 10
 The proper remedy for the harm McLeod suffered is a question of substance that is governed by state law. Judge Haynsworth explained the principle underlying this conclusion in Markham v. City of Newport News, 292 F.2d 711, 718 (4th Cir. 1961):
 
 
 11
 The . . . doctrine (of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)) does not extend to matters of jurisdiction or, generally, to matters of procedure. Its basic philosophy is that a federal court exercising its diversity jurisdiction to adjudicate rights created by the state sits as another court of that state and should reach the same result as the state courts would reach in deciding the identical issue. It is conformity in result which is required.
 
 
 12
 Thus, to avoid serious differences in outcome, we must determine and follow the probable remedial treatment McLeod would have received in a state court.
 
 
 13
 South Carolina law circumscribes the remedies appropriate for this tort by requiring a plaintiff to elect between equitable and legal forms of relief. In Jacobson v. Yaschik, 249 S.C. 577, 586-87, 155 S.E.2d 601, 606 (1967), construing a complaint by a minority shareholder for breach of fiduciary duty, the South Carolina Supreme Court held that the plaintiff could not pursue both remedies:
 
 
 14
 It is our conclusion that the plaintiff has stated only one cause of action arising out of a single tort and even though the plaintiff alleges the same cause of action twice, the grounds upon which recovery is to be had are the same. Having construed the complaint herein as stating only one cause of action, the law affords the plaintiff two remedies for the redress of her wrong. She can sue in equity for an accounting for the loss she has sustained by reason of the fraudulent conduct of the defendant. It has been held that an accounting in equity could be had in a tort case where the complaint charged fraud involving a fiduciary and trust relationship. . . . However, if this remedy is pursued punitive damages cannot be awarded by the court in the exercise of its chancery powers. . . . The other remedy is an action at law in which the plaintiff may recover actual and punitive damages for the fraud committed by the defendant.
 
 
 15
 We believe that McLeod has made her election and has chosen equitable relief. Her initial complaint sought only an injunction and cancellation of certain shares of stock. Her supplemental complaint, while claiming an entitlement to damages, prayed only for an accounting and other forms of equitable relief. The case was tried in accordance with these pleadings, and under applicable South Carolina precedent, McLeod was not entitled to both an accounting and damages. We therefore vacate the award of compensatory and punitive damages and remand this case for further proceedings consistent with this opinion. McLeod, having substantially prevailed, shall recover her costs.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 See McLeod v. Sandy Island Corp., 260 S.C. 209, 195 S.E.2d 178 (1973), aff'd after remand, 264 S.C. 463, 215 S.E.2d 903; 265 S.C. 1, 216 S.E.2d 746 (1975)