**YARN INDUSTRIES, INC., Appellant,**

v.

**KRUPP INTERNATIONAL, INC., Appellee.**

**No. 83–1989.**

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1984.

Decided June 6, 1984.

Robert D. Dearborn, Charlotte, N.C. (Moore, Van Allen & Allen, Charlotte, N.C., James C. McLeod, Jr., Willcox, Hardee, McLeod, Buyck & Baker, Florence, S.C., on brief), for appellant.

C. Dexter Powers, Florence, S.C. (Wright, Scott, Blackwell & Powers, Florence, S.C., on brief) and Herbert Rubin, New York City (Herzfeld & Rubin, P.C., Peter J. Kurshan, New York City, on brief), for appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Yarn Industries, Inc. (Yarn), a South Carolina corporation, sued Krupp International, Inc. (Krupp), a Delaware corporation, in federal district court in South Carolina for breach of a contract for the sale to Yarn by Krupp of $1.3 million worth of yarn manufacturing equipment. The district court dismissed the action, finding that a decision in a suit by Krupp against Yarn in federal court in New York collaterally estopped Yarn from maintaining the South Carolina action. It reasoned that the New York court had decided that venue for suits between these two parties was proper only in Delaware and South Carolina, and further decided that Krupp could elect the jurisdiction in which suit would be brought. The central issue in both the New York and South Carolina actions, in the court's view, was the meaning of a contractual choice-of-forum clause and since the meaning of that clause had been fully litigated in the New York district court, Yarn was estopped from relitigating the same issue in South Carolina. Since we find that this issue was not the basis of the New York decision, we reverse and remand with instructions to the district court to take evidence on the parties' intent in drafting the choice-of-law clause.

## I

Yarn, which has facilities only in South Carolina, was before this dispute engaged solely in the business of finishing yarn. Krupp, a wholly-owned subsidiary of a German corporation, primarily sells textile machinery. Intending to expand its operations to include yarn manufacture, Yarn contracted with a division of Krupp in 1978 to purchase $1.3 million worth of yarn manufacturing equipment. The contract which was executed on August 16, 1978, consisted of two pages of provisions typical of such commercial transactions. One paragraph of the agreement, the only part of the contract in dispute, contains what appears to be a straightforward choice-of-law clause. Paragraph I of the principal contract provides:

> I. The above sale is contingent upon Krupp's General Delivery Conditions (abroad). This agreement is subject to South Carolina law.

The "General Delivery Conditions" (Conditions) to which it refers are found in a separate document translated from the German produced by the German parent corporation. It contains, among other things, specific choice-of-forum and choice-of-law provisions appearing in paragraph XV:

> XV. JURISDICTION
>
> (1) The place of jurisdiction in respect of any disputes which may arise directly or indirectly out of the agreement, shall be at our discretion either Essen or Bremen, or the Court having jurisdiction for the domicile of our agency or for the domicile of the purchaser....
>
> (2) German law shall be applicable.

According to affidavits from both Yarn and Krupp representatives, Yarn insisted that the contract provision concerning the application of South Carolina law be inserted to ensure that any possible contract disputes would be resolved in South Carolina. The parties involved in the negotiations, all non-lawyers, believed that the statement quoted above meant that any lawsuits arising out of the contract would be brought in South Carolina. The South Carolina district court excluded the affidavits as violative of the parol evidence rule.

The merits of the contractual dispute between Yarn and Krupp involve the parties' mutual dissatisfaction with performance under the agreement. Yarn contended that the yarn manufacturing system built and installed by Krupp was improperly installed and never performed as warranted. Krupp's discontent stemmed from a delay at Yarn's request in the actual sale and delivery of the machinery, resulting in a delay in payment at a time when fluctuating currency exchange rates were decreasing the value of the payment Krupp was to receive. In late October 1981, Yarn notified Krupp that it intended to file suit against Krupp in South Carolina for breach of contract and at Krupp's request sent it a copy of the complaint Yarn intended to file. On November 13 of the same year, Krupp brought its own suit against Yarn for breach of contract in the federal district court for the Southern District of New York. Upon receiving notice of Krupp's action in New York, Yarn filed the action in South Carolina that forms the basis of this appeal.

The district court for the Southern District of New York reached some of the parties' contentions and dismissed Krupp's action because of its finding that venue was not properly placed in New York. *Krupp International, Inc. v. Yarn Industries, Inc.,* No. 81 Civ. 7075 (S.D.N.Y. May 20, 1982). The United States Court of Appeals for the Second Circuit affirmed that decision. *Krupp International, Inc. v. Yarn Industries, Inc.,* 714 F.2d 114 (2d Cir.1982).

Yarn raised various defenses in the New York proceeding, which was initially referred to a United States Magistrate. This included the contention that venue was not properly laid in New York. The magistrate in her report recognized initially and correctly that the Second Circuit, in interpreting the residence requirement of the general venue statute, 28 U.S.C. § 1391, recognizes in accordance with the general rule that a corporate plaintiff's

sole place of "residence" is its state of incorporation. *Manchester Modes, Inc. v. Schuman*, 426 F.2d 629, 632 (2d Cir.1970); *Plastistarch International Corp. v. Plastistarch Corp., Ltd.*, 484 F.Supp. 1312, 1316 (S.D.N.Y.1980). Applying that rule to Krupp's suit, the magistrate stated, "absent the forum-selection clause in the parties' contract ... venue is improperly layed [sic] in the Southern District of New York." The magistrate then determined that the reasons Yarn advanced for invalidating the choice-of-forum clause contained in the Conditions were not sufficient, and that the clause was reasonable. She found, however, that the alternative requirement of the Conditions placing "jurisdiction" at "the domicile of our agency" meant in this case the domicile of Krupp International, Inc., which under section 1391 meant Krupp's place of incorporation, Delaware. (South Carolina, Yarn's place of incorporation, was also a proper venue at Krupp's option under the "domicile of the purchaser" clause in the Conditions.) She, therefore, recommended that Yarn's motion to dismiss for improper venue be granted.

■ The district court for the Southern District of New York, in a brief opinion, adopted the magistrate's recommendation, discussing and overruling Krupp's objections that German law would have required a different result. The Second Circuit Court of Appeals affirmed the district court in an unpublished per curiam opinion without discussing the choice-of-forum clause or its reasonableness. It upheld the district court's dismissal for improper venue because the term "domicile" as used in the clause meant a corporation's place of incorporation.[1] On June 10, 1983, after the New York decision, Krupp filed an action paralleling its New York complaint in the federal district court for the District of Delaware.

After Krupp initiated its suit in Delaware, the South Carolina district court issued its opinion dismissing Yarn's suit because it had litigated both the issue of the enforceability of the choice-of-forum clause in the Conditions and the meaning of the word "domicile" in New York. It stated that the New York court's construction of the clause approving venue in either South Carolina or Delaware was binding. The South Carolina district court then strayed beyond the New York opinions and further held that choice of venue was solely Krupp's prerogative. For this reason the South Carolina district court found that Krupp had validly selected a Delaware forum, as according to the court it was empowered to do under the clause. Nailing the question of venue completely closed, it finally concluded that in filing its action in South Carolina Yarn did not comply with the choice-of-forum clause. It accordingly dismissed the suit.

## II

■ Krupp contends that the doctrine of *res judicata* bars the litigation in South Carolina of the meaning of the two possible choice-of-forum clauses. We cannot agree. Although the New York suit by Krupp and the South Carolina suit by Yarn involved the same parties, the causes of action in those cases were different, and thus the appropriate doctrine we consider in this case is that of collateral estoppel. The doctrine of collateral estoppel results in the preclusion from relitigating an issue once it has been actually and necessarily determined by a court having jurisdiction in the case. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). The South Carolina district court, as well as this court, would of course be bound by issues actually and necessarily determined by the New York court. We do not believe, however, that

---

**1.** The suit brought by Krupp in the Delaware district court continues as of this writing. On November 9, 1983 that district court denied a motion by Yarn for change of venue to South Carolina, finding that Yarn was collaterally estopped from relitigating the validity and reasonableness of the forum selection clause. This finding was based on its holding that the New York court had decided that question, but this court is not bound by this Delaware court holding.

the issues relating to the two possible choice-of-forum agreements were necessarily determined in the New York proceedings.

There is no way in which the New York courts could have interpreted the choice-of-forum clause contained in the Conditions to place venue in New York. The key holding in the New York courts construed "domicile" to mean "place of incorporation." Once that was determined, the issue of whether the Conditions choice-of-forum clause was valid was of no consequence. If it was invalid, venue was improper in New York. If it was valid, venue would be equally improper in New York. The decisions of the New York district court and the Second Circuit are both consistent with this reasoning. Neither court discussed the validity of the clause or its reasonableness, but rather agreed that under any interpretation of the clause venue for any action arising under the contract between Yarn and Krupp could only be in Delaware or South Carolina, not in New York.

The South Carolina district court erroneously concluded that consideration of the issues of the validity and meaning of the clause was precluded by the doctrine of collateral estoppel. It is bound only by the New York courts' decision that venue in New York was improper and by the meaning the New York courts attached to the term "domicile" in the Conditions.

### III

Yarn's second contention on appeal is that not only is it not bound by the choice-of-forum clause contained in the Conditions, but that both parties are bound by a choice-of-forum clause contained in paragraph I of the principal contract: "This agreement is subject to South Carolina law." Yarn argues that the parties believed that by inserting that specific language in the contract they ensured that all potential litigation would be brought in South Carolina. Yarn offered affidavits to that effect from participants in the contract negotiations representing both Yarn and Krupp. The South Carolina district court, however, refused to consider that evidence, stating that it was inadmissible under the parol evidence rule.

The district court, however, misconstrued the parol evidence rule as barring these affidavits. The rule, it is true, generally precludes the introduction of prior and contemporaneous statements between the parties to alter or contradict the terms of a written agreement. *McLeod v. Sandy Island Corp.*, 265 S.C. 1, 216 S.E.2d 746, 750 (1975). Parol evidence is, however, freely admissible to establish allegations of fraud, mistake, or other equitable grounds for relief. *Allen-Parker Co. v. Lollis*, 257 S.C. 266, 185 S.E.2d 739, 742 (1971). When the parties to an agreement are mutually mistaken as to the meaning of the terms of that agreement, a court may reform the contract to reflect the true intent of the parties. *Shaw v. Aetna Casualty & Surety Insurance Co.*, 274 S.C. 281, 262 S.E.2d 903 (1980) (contract may be reformed where mutual mistake consists of the insertion of some material element affecting the subject matter of the terms inconsistent with the preceding parol agreement).

The affidavits proffered by Yarn reflect that Yarn and Krupp negotiators believed that the inserted language was, in fact, a choice of South Carolina as a forum for potential litigation. The parties' varying interpretations of the meaning they intended when it was placed in the contract could only have resulted from a failure to agree on the terms of the contract or a mutual mistake as to whether the sentence had the effect only of a choice-of-law clause or of a combined choice-of-law and choice-of-forum clause. On remand, the district court should review evidence on this question, and if it concludes that the parties did not intend South Carolina to be the exclusive forum for litigation, it should then consider additional evidence on the question of the validity and reasonableness of the choice-of-forum clause contained in the Conditions.

REVERSED AND REMANDED.