SPROUSE, Circuit Judge:
 

 James Louis Chapman (the debtor in bankruptcy) appeals from the district court’s grant of summary judgment to Ethan Allen Turshen (the trustee of the bankruptcy estate) in the trustee’s action to compel Chapman to turn over two income-tax refunds he received from the Internal Revenue Service. Chapman also appeals from the district court’s dismissal of his counterclaim against the trustee in his individual capacity for damages caused by the trustee’s failure timely to collect an outstanding note that constituted the principal asset of the bankruptcy estate. We affirm the judgment of the district court in its entirety.
 

 I.
 

 In May 1984, Chapman filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701
 
 et seq.
 
 The bankruptcy judge appointed Tur-shen trustee of Chapman’s estate. In his schedule of assets, Chapman listed a note bearing the face value of $25,000 as the principal asset of the estate. He apprised the trustee that it would become due in full on June 30, 1984. Chapman also informed the trustee that the IRS owed him income-tax refunds for the years 1981 and 1982, but that it had agreed to hold the refunds and set them off against Chapman’s total pre-petition tax indebtedness.
 

 The maker of the note failed to pay the outstanding balance owed by the due date. Thereafter, Chapman and his attorney persistently urged the trustee to collect the note and distribute its proceeds to the estate’s creditors. Although the trustee replied on a number of occasions that he would soon commence an action against the maker, he did not do so for over eighteen months after the bankruptcy filing.
 

 In December 1984, the IRS sent Chapman two tax-refund checks totaling $1,183.44.
 
 [1]
 
 Chapman deposited the checks into his personal bank account and spent all or part of them. Sometime between December 1984 and October 1985, the trustee learned of the refunds and demanded that Chapman turn them over to the estate. Chapman refused.
 

 In spite of the refund checks, Chapman’s estate maintained an outstanding tax indebtedness, and in October 1985, the IRS filed a lien against Chapman’s bank account and seized it. The IRS also attached Chapman’s retirement pay and a house he acquired after filing for bankruptcy, and assessed interest and penalty charges on Chapman’s outstanding tax debt.
 

 Later that month, Chapman wrote the bankruptcy judge, contending that the trustee had breached his fiduciary duty and requesting his removal. Chapman stated that the trustee had negligently failed to collect the $25,000 note. He further asserted that the funds represented by the note were sufficient to satisfy the estate’s tax indebtedness and claimed that the IRS would not have seized his property if the trustee had properly executed his responsibility to collect the note and distribute its proceeds.
 

 Immediately after Chapman sent the letter asserting negligence on the part of the trustee, the trustee filed a motion in the bankruptcy court for an order holding Chapman in contempt for his failure,
 
 inter alia,
 
 to remit the tax refunds to the estate.
 
 *838
 
 The bankruptcy court considered Chapman’s earlier letter as a petition for the trustee’s removal and consolidated the parties’ claims for a hearing.
 

 At the hearing, Chapman admitted that he knew the refund checks technically were property of the bankruptcy estate. He also conceded that he had deposited them into his personal bank account and used their proceeds to support himself. The bankruptcy judge ruled from the bench that Chapman would have to pay the amount of the refunds to the estate, but denied the trustee’s motion to hold Chapman in contempt for his previous failure to do so.
 

 In response to Chapman’s charge of breach of fiduciary duty, the trustee insisted that collecting the note was not as simple as Chapman had maintained. He explained that 1) a Virginia bank held a prior lien on the note; 2) Chapman’s estranged wife claimed an undetermined interest in the note; 3) the maker of the note disputed the amount she owed; and 4) the note itself had several ambiguous notations on its face, which made its status and validity uncertain. Despite this explanation, the bankruptcy court stated that it was “troubled” by the trustee’s “delay in attempting to collect the note.” It refused to remove the trustee, however, and ruled in a subsequent written order that “Turshen’s actions have not been improper.”
 

 Neither party appealed the bankruptcy court’s decisions. Turshen continued as trustee for Chapman’s estate and, in November 1985, filed an action against the maker of the note.
 
 [2]
 
 Chapman, however, did not comply with the bankruptcy court’s order to remit the tax refunds to the estate.
 

 In May 1986, the trustee filed the complaint for turnover of property that is the subject of the present appeal. Chapman counterclaimed for breach of fiduciary duty, again asserting misfeasance in the collection of the note. The counterclaim differed from Chapman’s earlier charges only in that he included a prayer for compensatory and punitive damages against the trustee in his individual capacity.
 

 The trustee moved for summary judgment on his turnover complaint and for judgment on the pleadings on Chapman’s counterclaim. After a hearing, the district court granted both of the trustee’s motions. It held that the estate was entitled to the tax refunds as a matter of law and ordered Chapman to turn over the amounts of the refund checks to the trustee. The court also held that Chapman’s breach of fiduciary duty counterclaim was barred by the bankruptcy court’s prior unappealed ruling that the trustee had not acted improperly in executing his duties. Chapmen now appeals from both district court rulings.
 

 II
 

 A.
 

 Chapman advances two principal contentions challenging the district court’s turnover order. He first asserts that since the IRS has already seized property of greater value than the amount of the refunds, enforcement of the turnover order would require him to pay the same debt twice. Chapman also contends that the turnover order offends the policies underlying the Bankruptcy Code because it requires him to remit post-petition income. There is no merit to either contention.
 

 Chapman’s income-tax refunds constituted “property” of the bankruptcy estate, title to which vested in the estate upon the filing of Chapman’s Chapter 7 petition.
 
 Kokoszka v. Belford,
 
 417 U.S. 642, 645-48, 94 S.Ct. 2431, 2433-35, 41 L.Ed.2d 374 (1974);
 
 In re Doan,
 
 672 F.2d 831, 833 (11th Cir.1982); 11 U.S.C. § 541;
 
 cf. Segal v. Rochelle,
 
 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). His arguments that the turnover order requires him to pay the same debt twice and that it frustrates the policies of the Bankruptcy Code are specious. The income-tax refunds clearly were not post-petition income. Chapman knew that they were estate property when he received them, but nevertheless appro
 
 *839
 
 priated them for his own use. Section 521 of the Bankruptcy Code imposes a duty on debtors both to cooperate with the trustee and to surrender to the trustee all property of the estate. 11 U.S.C. § 521(3), (4). Chapman’s actions in refusing to surrender his tax refunds clearly violated Section 521 and were in direct transgression of the bankruptcy court’s earlier order. The district court correctly held that the refunds were subject to immediate turnover.
 

 B.
 

 In his appeal from the district court’s dismissal of his counterclaim for breach of fiduciary duty, Chapman contends that the trial court improperly applied principles of res judicata and collateral estoppel to bar his claim. We disagree.
 

 Having failed to establish in bankruptcy court that the trustee’s conduct warranted his removal, Chapman could not relitigate the facts underlying his claim by simply adding a prayer for damages against the trustee in his individual capacity. “The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts.”
 
 Katchen v. Landy,
 
 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966). Collateral estoppel, of course, operates to preclude relitigation of “an issue once it has been actually and necessarily determined by a court having jurisdiction in the case.”
 
 Yarn Industries, Inc. v. Krupp International, Inc.,
 
 736 F.2d 125, 128 (4th Cir.1984). Here, after a hearing on the merits, the bankruptcy court ruled that the trustee did not act negligently in the exercise of his fiduciary duty to the bankruptcy estate. The ruling was later memorialized in a final order holding that the trustee’s actions “have not been improper.” Absent an appeal,
 
 [3]
 
 it was entitled to and properly accorded preclusive effect in Chapman’s
 
 de novo
 
 attempt to relitigate the trustee’s alleged misconduct.
 

 The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
 

 Chapman argues, however, that since the sole question before the bankruptcy judge was whether to remove the trustee for breach of fiduciary duty, its ruling should not constitute a bar to an action for damages based on the same alleged breach. This argument exalts form over substance and ignores the standards of trustee liability that govern misfeasance claims. Chapman’s original petition for removal was brought against the trustee in his official or representative capacity. The standard governing the bankruptcy court’s resolution of Chapman’s petition was simple negligence.
 
 Mosser v. Darrow,
 
 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951);
 
 United States v. Sapp,
 
 641 F.2d 182, 184-85 (4th Cir.1981). In his counterclaim in district court, however, Chapman sought damages against the trustee in his individual capacity. To qualify for such relief, Chapman would have had to prove that the trustee acted willfully and deliberately in breach of his fiduciary duty to the estate.
 
 See Yadkin Valley Bank & Trust Co. v. McGee,
 
 819 F.2d 74, 76 (4th Cir.1987) (quoting
 
 United States v. Sapp,
 
 641 F.2d at 184-85). Obviously, the bankruptcy court’s holding that the trustee’s actions “have not been improper” under the simple negligence standard necessarily determined that the trustee had not acted in willful and deliberate violation of his fiduciary obligation.
 

 Chapman also contends that the bankruptcy court’s decision was not entitled to preclusive effect because it was an interlocutory order, not a final judgment. Again, we disagree. In a bankruptcy case, if a particular adversary proceeding has been finally resolved, the outcome constitutes an appealable “final decision.”
 
 In re Charter Co.,
 
 778 F.2d 617, 621 (11th Cir.1985);
 
 In re Leimer,
 
 724 F.2d 744, 745 (8th Cir.1984). Finality in the sense of 28 U.S.C. § 1291 is not required either for purposes of appeal or for the application of
 
 *840
 
 collateral estoppel to unappealed bankruptcy court rulings.
 
 Cf. Zdanok v. Glidden Co.,
 
 327 F.2d 944, 955 (2d Cir.),
 
 cert. denied,
 
 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964) (discussing finality element of collateral estoppel). In the present action, the bankruptcy court’s resolution of Chapman’s breach of fiduciary duty claim constituted a nontentative final and reviewable determination of a discrete controversy within the bankruptcy litigation. The district court correctly invoked collateral estoppel principles to preclude its relit-igation in a
 
 de novo
 
 proceeding.
 

 In view of the above, the judgment of the district court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The record does not reveal why the IRS sent the refunds to Chapman and not to his estate.
 

 [2]
 

 . It appears from the record that the action has since been settled.
 

 [3]
 

 . 28 U.S.C. § 158(a) provides: