## CIRCUIT COURT OF FAIRFAX COUNTY

Ritter

v.

Knopp

June 6, 1989

Case No. (Law) 88179

By JUDGE JACK B. STEVENS

This matter is before the Court on plaintiff's Motion for Reconsideration of this Court's previous ruling denying her Motion for Summary Judgment. Upon review of both parties' memoranda of points and authorities, it is the opinion of this Court that the Motion for Summary Judgment should be granted.

The issue before the Court is whether the ruling of the United States Bankruptcy Court for the Eastern District of Virginia, holding that the April 15, 1988, Trustee Sale of the property in question was complete and proper, has the effect of *res judicata* in this proceeding while it is pending appeal to the United States District Court. It is the opinion of this Court that the Bankruptcy's Court's ruling is binding on both parties and is to be given the effect of *res judicata*.

The Court notes that while defendant, Knopp, properly noted her appeal to the judgment of the Bankruptcy Court, she did not post the cash appeal bond set by that court to stay enforcement of the judgment pending appeal. Having failed to do so, she cannot escape the effect of that judgment by re-pleading identical defenses in this proceeding.

The proceeding in the bankruptcy court involved the identical parties, subject matter, and legal issue involved in this action. The decision was a judgment on the merits

where both parties had a full and fair opportunity to litigate the question involved. It is clear from Fourth Circuit's decision in *Turshen v. Chapman*, 823 F.2d 836 (4th Cir. 1987), that the Bankruptcy Court decision is a final one for purposes of collateral estoppel or appeal. So long as the particular adversary proceeding is finally resolved, it constitutes an appealable final decision.

Under federal law, the pendency of appeal does not diminish the *res judicata* effect of the judgment rendered by a federal court. *See, Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1498 (D.C. Cir. 1983), quoting favorably from *Fidelity Standard Life Insurance Co. v. First National Bank and Trust Co.,* 510 F.2d 272 (5th Cir. 1975), that "a case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal." Contrary to defendant's contention, the *Hunt* ruling was not controlled by the fact that the federal court was exercising diversity jurisdiction.

Although Virginia has not addressed this precise issue, the Virginia Supreme Court has upheld the general rule that a judgment, although it may be erroneous, is binding until set aside or corrected in a manner provided by law. *See Nicholas v. Commonwealth,* 186 Va. 315, 320 (1947), noting that "obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law." *Accord, Robertson v. Commonwealth,* 181 Va. 520 (1943).

The United States Supreme Court in *Deposit Bank of Frankfort v. Board of Councilmen of Frankfort,* 191 U.S. 499, 24 S. Ct. 154 (1903), noted that the key questions when a plea of *res judicata* is interposed is whether the judgment was within the jurisdiction of the court, between the same parties, and is still in force and effect. As the court stated, there is no reason that because a judgment may be subsequently reversed, it is any less effective as an estoppel between the parties while in force. (191 U.S. at 511). In the instant case, there is no dispute the judgment in question was within the court's jurisdiction, was between the same parties, and because no bond was posted to stay the enforcement of the judgment, it is still in effect.