967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff,
v.
Glen Duane KRUG, Defendant.
Donald J. ADAMS and Robert Adams, Petitioners,
v.
Glen Duane KRUG, and; Josephine Krug, husband and wife;
Greg Munsell; Nevada Marketing Specialties, Inc.,
and United States of America,
Respondents-Appellees.
 No. 91-10637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided June 25, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald and Robert Adams appeal a judgment in favor of the United States in a dispute over Las Vegas real property. We affirm.
 
 
 3
 This case involves two unrelated Nevada lawsuits and one Las Vegas condominium. The first lawsuit was a federal criminal prosecution brought in 1987 by the United States against Glen Duane Krug for, inter alia, racketeering under 18 U.S.C. § 1962. Krug was convicted and the district court ordered him to forfeit $303,200 pursuant to the racketeering statute. Because Krug did not have the cash or other property directly related to the racketeering, the United States moved pursuant to 18 U.S.C. § 1963(m) to obtain forfeiture of other property belonging to Krug. On February 21, 1990, the district issued a forfeiture order under section 1963(m) allowing the United States to seize a Las Vegas condominium which Krug possessed and claimed to own.
 
 
 4
 While the Krug prosecution was proceeding in federal court, an otherwise unrelated civil lawsuit in Nevada state court was seeking the same result--seizure of the condominium. Plaintiffs in the latter case, the Adamses, had sued their tax preparer, Greg Munsell, for fraud and other torts. The state court entered judgment for the Adamses in the amounts of $366,645 for Donald and $350,504 for Robert. To help secure payment of the judgment, the Adamses recorded a lis pendens in late 1989 against certain Las Vegas property the record owner of which was Nevada Marketing Specialties, Inc. ("NMS"), an alter ego of Mr. Munsell. In due course, the Adamses filed a writ of execution against the property. The attempted execution reached for the very same condominium which the United States would move to seize one month later pursuant to the government's effort to reach substitute property to satisfy its racketeering judgment.
 
 
 5
 Unable to enforce their writ of execution because of the government's actions, the Adamses brought this action in federal district court seeking remission of the government's forfeiture order. At the hearing, the district court determined that Krug, and not Munsell, had actually owned the property. The court found that Krug had put up the purchase money for the property, had lived in the property since the purchase, and had paid property taxes on it. The court also found that Munsell had placed the property in NMS's name to hide the property from Krug's creditors and that Munsell did this regularly for his clients. Accordingly, the court denied the Adamses' request for remission. The Adamses timely appealed.
 
 
 6
 Because the Adamses claim their interest in the property through Munsell whereas the government claims its interest through Krug, the only issue of relevance on appeal is whether the district court correctly determined that Krug, and not Munsell, had owned the property. The Adamses challenge the district court's determination on three grounds: (1) statute of frauds; (2) parol evidence rule; and (3) doctrine of estoppel. Each of these challenges fail.
 
 I. Statute of Frauds
 
 7
 The Adamses argue that because Munsell's alleged conveyance of the property to Krug was not made in writing, the statute of frauds bars Krug from claiming ownership of the property. This argument assumes that Munsell had possessed an ownership interest in the property and had conveyed that interest to Krug. No one but the Adamses has ever claimed that Munsell conveyed the property to Krug. Instead, the claim is that Krug owned the property from the moment it was purchased (in writing) in 1985. Accordingly, the Adamses' statute of frauds argument is meritless.
 
 II. Parol Evidence Rule
 
 8
 Next, the Adamses argue that because the 1985 grant of the property mentions only NMS and does not mention Krug, the parol evidence rule should have barred testimony to the effect that Krug was the true owner. This argument fails because the parol evidence rule is inapplicable to this case. The rule is used to preclude parties to a transaction from introducing prior and contemporaneous statements to alter the terms of a written agreement. Yarn Industries v. Krupp Intern., Inc., 736 F.2d 125, 129 (4th Cir.1984). There is no dispute here between the 1985 seller of the property and the purchaser over the terms of that deal. Moreover, parol evidence is admissible to establish fraud. Id.
 
 III. Estoppel
 
 9
 For their final argument that Krug did not own the property, the Adamses rely on the doctrine of estoppel. The Adamses argue that testimony concerning a fraud agreement between Krug and Munsell should have been barred by the principle that no man may benefit by his own fraud. The Adamses' argument fails because they are creditors of Munsell, not of Krug. The fraud in this case was perpetrated against creditors of Krug, not of Munsell. Moreover, neither Krug nor Munsell has benefitted from their fraudulent placement of the property in NMS's name, because the government found the property and seized it. Whether or not the government can prove that Krug is the true owner of the condominium, the government proved that Munsell, through NMS, was not. That ends the Adamses' hope that Munsell property could be executed upon to satisfy their judgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3