**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: AFI HOLDING,
INC.,
                        *Debtor,*

---

CAROLYN A. DYE, Former Chapter
7 Trustee,
                        *Appellant,*

                v.

J. GREGORY BROWN; CECILIA A.
BROWN; LOUIS CARFORA; MARTIN
COHEN; DENNIS EISENBERG;
DOROTHY FIELDING; MARJORIE
WARREN GOLDSTEIN; JOEL GOTLER;
BETH BRODAY; PATRICIA LYNN
LEROY; JEANNE LEYTUS; WILLIAM
MACK; JOAN M. MACK; GARY
MUSSER; JANET RICHMOND;
ADELAIDA SAN DIEGO; THADDEUS
STANECKI; RANETTE STANECKI; AFI
HOLDING, INC.,
                        *Appellees.*

No. 06-56621

BAP No.
CC-05-01247-
MaPaK

ORDER

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Klein, and Marlar, Bankruptcy Judges, Presiding

Argued and Submitted
May 8, 2008—Pasadena, California

Filed June 17, 2008

6951

Before: Kim McLane Wardlaw and Sandra S. Ikuta,
Circuit Judges, and Ralph R. Beistline,* District Judge.

Order by Judge Wardlaw

## COUNSEL

Joseph A. Dumas, Jr., Dumas & Associates, Los Angeles, California, for the appellant.

Paul J. Laurin, Encino, California, Werner & Laurin, LLP, for the appellees.

## ORDER

WARDLAW, Circuit Judge:

Carolyn A. Dye appeals from a decision of the United States Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit affirming the order of the bankruptcy judge removing her as Trustee for cause pursuant to 11 U.S.C. § 324 in this Chapter 7 proceeding.

### I.   Jurisdiction

We must first address the question whether we have jurisdiction over an order removing a trustee from an ongoing bankruptcy proceeding, a question of first impression in our circuit. The BAP concluded, and the parties agree, that the removal of a Bankruptcy Trustee is a final, appealable order. Our consideration of our jurisdiction does not rest there, however, as we must consider the question of our own jurisdic-

*The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

tion. 28 U.S.C. § 158(d) vests jurisdiction in the Courts of Appeals over appeals only from all "final decisions, judgments, orders, and decrees entered" either by the district courts or the BAP.

We have "adopted a pragmatic approach to finality in bankruptcy cases." *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001) (internal quotation marks and citation omitted). "[A] bankruptcy court order is final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Id.* (quoting *In re Lewis*, 113 F.3d 1040, 1043 (9th Cir. 1997) (internal quotation marks omitted).

The Eleventh Circuit has recently considered, also for the first time, whether the removal of a trustee is a final order over which the courts of appeals have jurisdiction. The Eleventh Circuit explained that "[i]n the bankruptcy context, this Court has concluded that it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation," and concluded that the "removal of a bankruptcy trustee is a 'final' order appealable to this Court." *In re Walker*, 515 F.3d 1204, 1210-11 (11th Cir. 2008) (internal quotation marks and citation omitted).

In so concluding, the Eleventh Circuit relied heavily upon the Third Circuit's reasoning in *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 470-71 (3d Cir. 1998). There, the Third Circuit considered the finality of an order appointing a trustee. The Third Circuit reasoned that "[w]ere we to put off hearing an appeal of the district court's order appointing a trustee until after the entire bankruptcy proceeding, allowing the possibility of an order returning this bankruptcy to its very beginning for a second round, the concept of judicial efficiency would be effectively turned on its head." It also noted that "[l]iberal finality considerations in orders appointing bankruptcy trustees are necessary because these orders cannot be meaning-

fully postponed to the bankruptcy's conclusion." *Id.* at 470. The Third Circuit therefore held that the order appointing a bankruptcy trustee is a final order vesting it with jurisdiction.

Similar finality considerations apply to an order removing the trustee. Although the bankruptcy proceedings may continue, and here, in fact they have, the removal order resolves and seriously affects the substantive rights of the parties to a disinterested trustee and finally determines the discrete issue to which it is addressed—whether the bankruptcy court's finding of a lack of disinterestedness was cause for the trustee's removal under § 324.

Thus we, like our sister circuits, conclude that an order removing a bankruptcy trustee is a "final order" over which we have jurisdiction pursuant to § 158(d). *See In re BH & P, Inc.*, 949 F.2d 1300, 1307 (3d Cir. 1991) (concluding that the district court's order removing the trustee due to a conflict of interest is "final"); *Turshen v. Chapman*, 823 F.2d 836, 839-40 (4th Cir. 1987) (holding that removal order is "final" because "[f]inality in the sense of 28 U.S.C. § 1291 is not required either for purposes of appeal or for the application of collateral estoppel to unappealed bankruptcy court rulings"); *Matter of Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 691-92 (7th Cir. 1992) (treating the denial of a motion to remove a trustee as a final order).

While we have found some decisions to the effect that *appointment* of a Trustee is not a "final order," *In re Delta Servs. Indus.*, 782 F.2d 1267, 1272 (5th Cir. 1986); *Matter of Cash Currency Exch., Inc.*, 762 F.2d 542, 546 (7th Cir. 1985); *but see Matter of Cajun Elec. Power Co-op., Inc.*, 69 F.3d 746, 748 (5th Cir. 1995), we have found no decision that holds that an order *removing* a trustee for cause under § 324 is not final.

Here it appears that a remaining issue to be determined in

the proceedings is the trustee's entitlement to fees.[1] That decision is necessarily affected by the outcome of this appeal. This only further demonstrates the efficiency and necessity for a final determination as to the propriety of the removal. A similar situation existed in *In Re BH & P, Inc.*, where the district court had issued an order removing for cause the trustee while remanding the issue of interim compensation to the bankruptcy court. "In approaching this finality question," the Third Circuit recognized that "[t]he unique characteristics of bankruptcy cases have led us to consistently consider finality in a more pragmatic and less technical way in bankruptcy cases than in other situations" and concluded that the district court's order removing the trustee due to a conflict of interest was final, despite the necessity to consider fees on the earlier remand. 949 F.2d at 1306 (internal quotation marks and alteration omitted).

## II. Merits

We have not previously addressed the standard for removal of a trustee due to a conflict of interest under § 324. The BAP thoroughly and carefully considered what constitutes cause for removal under § 324 in its well-reasoned opinion published at 355 B.R. 139 (B.A.P. 9th Cir. 2006). The BAP held that (1) "cause" may include a lack of disinterestedness; (2) the catch-all provision of 11 U.S.C. § 101(14)(E) defining a "disinterested person" is "broad enough to include a trustee with some interest or relationship that 'would even faintly color the independence and impartial attitude required by the Code,' " *Id.* at 149 (quoting *In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998); (3) the First Circuit's "full panoply of events

---

[1] Among the factors considered in the allocation of fees is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). Services that were, among other things, not "reasonably likely to benefit the debtor's estate" or not "necessary to the administration of the case" will not be compensated. *Id.* at § 330(a)(4)(A).

and elements" test or "totality of the circumstances" to determine whether a particular conflict is "materially adverse" to the estate sufficient to find a lack of disinterestedness is the appropriate standard, *id.* at 151; *see In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987); and (4) the bankruptcy court did not abuse its discretion in concluding removal was proper due to the Trustee's past affiliations with insiders that created a potential for a materially adverse effect on the estate and an appearance of impropriety resulting in ongoing disharmony in the estate's administration. The BAP also concluded that the bankruptcy court properly considered the trustee's failure to disclose these prior affiliations to the U.S. Trustee. We are persuaded by the BAP's analysis, adopt it as our own, and attached it as Appendix A. *In re Peters*, 101 F.3d 618, 619 (9th Cir. 1996).

As the BAP noted in its opinion, our circuit has not previously ruled on the standard to determine cause for removal, and three divergent approaches to the standard for removal existed nationwide. That there was no clear standard articulated in our jurisprudence either at the time the Trustee filed her statement of disinterestedness or when she was removed for cause is a factor that should bear on the question whether she is entitled to fees for the time she served as Trustee, and as to the amount of any such fees awarded. Our holding does not address the issue of fees; we merely hold that on the question of first impression before us the Trustee's removal for an appearance of conflict of interest was proper and remand to the bankruptcy court for a determination of the related issues as to fees.

**Affirmed**, **remanded** for further proceedings.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.